UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

BRIAN THRANE,

        *Plaintiff*,

v.

METROPOLITAN TRANSPORTATION AUTHORITY,

        *Defendant*.

---------------------------------------------------------------------x

15 CV 7418

**COMPLAINT**

Plaintiff Brian Thrane, by his counsel, The Harman Firm, LLP, alleges against Defendant Metropolitan Transportation Authority as follows:

## PRELIMINARY STATEMENT

1. In this employment discrimination action, Plaintiff Brian Thrane ("Plaintiff" or "Mr. Thrane") seeks damages and costs against Defendant Metropolitan Transportation Authority ("Defendant" or "MTA") for discriminating against Plaintiff due to a perceived disability and his age, by suspending his employment, violating the Americans with Disabilities Act of 1990 42 U.S.C. 12101-12117 ("ADA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 through 8-131.

## JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

2. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims as Defendant violated Plaintiff's rights under the ADEA and the ADA.

3. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims brought under the NYCHRL.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Eastern District of New York as a substantial part of the events giving rise to Plaintiff's claims occurred within this district.

5. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Opportunity in Employment Commission ("EEOC"). The EEOC issued a Right-to-Sue Letter dated October 6, 2015 relating to the discriminatory acts in violation of the ADEA as described in this Complaint. The U.S. Department of Justice issued a Right-to-Sue Letter dated November 6, 2015, relating to the discriminatory acts in violation of the ADA as described in this Complaint. This action was properly instituted within ninety (90) days of the issuance of both Right-to-Sue Letters.

## TRIAL BY JURY

6. Plaintiffs respectfully requests a trial before a jury.

## PARTIES

7. At all times relevant hereto, Plaintiff Brian Thrane was and is a resident of Suffolk County in the State of New York.

8. Upon information and belief, at all times relevant hereto, Defendant MTA is a domestic government corporation organized under the laws of New York State, with headquarters in New York County.

## STATEMENT OF FACTS

9. Mr. Thrane is a sixty-one (61) year-old man.

10. In and around 2007, MTA hired Mr. Thrane as a bus operator.

11. Mr. Thrane was a bus operator for approximately fifteen (15) years before working with the MTA.

12. Mr. Thrane has worked out of an MTA depot in Queens for the duration of his employment with the MTA.

13. On or about April 16, 2015, Mr. Thrane started feeling ill while at work.

14. Mr. Thrane received approval to end his shift early.

15. Mr. Thrane went to the nearest hospital, John T. Mather Memorial Hospital, and stayed overnight undergoing several tests. The next day, Mr. Thrane was given a clean bill of health by the hospital, along with a letter to the MTA stating that Mr. Thrane was able to return to work with no restrictions.

16. After a hurried, cursory medical examination by the MTA's doctors, including Dr. Esquinet, the MTA concluded that Mr. Thrane was not medically able to work as a bus operator.

17. During his examination by Dr. Esquinet, Mr. Thrane disputed her conclusion that he was unfit to operate a bus.

18. Dr. Esquinet responded, in substance, that she could do whatever she wanted with his file because he was "getting up there" in age.

19. The MTA told Mr. Thrane that it needed additional medical documentation before allowing Mr. Thrane to return to work.

20. On or about May 8, 2015, Anita Gill, M.D. evaluated Mr. Thrane. Her evaluation concluded that Mr. Thrane's health was stable, and wrote that "The patient is allowed to return to work, full duty - no restrictions."

21. However, Defendant continued to refuse to allow Mr. Thrane to return to work as a bus operator.

22. On or about May 12, 2015, Mr. Thrane's doctor, Norman Pflaster, M.D., wrote a letter to the MTA stating that Mr. Thrane "may return to work full duty no restrictions at this time."

23. Again, the MTA denied Mr. Thrane's request to return to work as a bus operator.

24. On or about May 15, 2015, Mr. Thrane visited his doctor, Jacob K. Mathew, M.D., who wrote a letter to the MTA stating that Mr. Thrane "may return to full duty work without any restriction on May 16, 2015."

25. On or about May 18, 2015, MTA Doctor Arthur H. Weiss, M.D. wrote a letter to the MTA stating that Mr. Thrane was in good health and "there would be no neurological contraindication to his returning to his usual job description."

26. On or about May 19, 2015, Dr. Weiss wrote MTA an addendum after receiving additional medical records concerning Mr. Thrane's health stating "this does not change the impression outlined above" in respect to the letter dated May 18, 2015.

27. The MTA still refused to allow Mr. Thrane to return to work.

28. Upon information and belief, the MTA, displeased with Dr. Weiss's report, contacted him and instructed him to declare Mr. Thrane unfit for duty.

29. As a result, Dr. Weiss issued a new report declaring Mr. Thrane unfit for duty.

30. The MTA told Mr. Thrane he could return to work if he accepted a demotion to a non-driving position.

31. Mr. Thrane, had no choice but to accept this demotion. His new job duties included cleaning vehicles and the bus depot and performing other menial work.

32. Mr. Thrane's new "light duty" position includes significantly less earning potential than his full-time operator position; Mr. Thrane no longer earns a variety of supplemental pay, such as meal pay, unscheduled overtime, and route pay.

33. The MTA, refusing to acknowledge multiple letters from doctors clearing Mr. Thrane to return to work, denied Mr. Thrane reinstatement because of its discriminatory beliefs concerning his age and perceived disability.

34. Other MTA employees over the age of fifty (50) endure the same type of disparate treatment by the Defendant.

35. Defendant deliberately makes it more difficult for older workers to return to work, refusing to reinstate them due to the MTA's discriminatory perception of the employees' age and/or potential or perceived disability

36. On or about July 24, 2015, Mr. Thrane filed a charge with the EEOC alleging age and disability discrimination.

37. Mr. Thrane attempted to resolve the matter through his union grievance procedure, to no avail.

38. Ultimately, that grievance proceeded to arbitration in and around July, 2015; the arbitrator ordered that the MTA give Mr. Thrane a thorough medical examination within 30 days.

39. Mr. Thrane made numerous attempts to schedule this medical examination but was rebuffed each time.

40. The 30-day period elapsed without a medical examination scheduled. To date, the MTA has refused to reinstate Mr. Thrane or follow the arbitrator's order, in retaliation for bringing a complaint of discrimination.

41. Defendant continues to improperly delay and deny Mr. Thrane's reinstatement out retaliation and for discriminatory reasons.

42. Defendant continues to force Mr. Thrane to perform menial work for less compensation as a result of his age, disability, and EEOC charge against Defendant.

43. Defendant's discriminatory and retaliatory conduct is in violation of the ADA, the ADEA, and NYCHRL.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Employment Discrimination in Violation of the ADA

44. Plaintiffs hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 43 with the same force as though separately alleged herein.

45. The ADA mandates that no employer discriminate against a qualified individual on the basis of their association with a disabled person in regard to the terms and conditions of his employment.

46. Defendant discriminated against Plaintiff by refusing to reinstate a qualified individual because of a perceived disability.

47. As a direct and proximate consequence of Defendant's disability discrimination, Plaintiffs has suffered, and continues to suffer, substantial economic and non-economic damages, including, but not limited to, back pay, front pay, and emotional distress and suffering, all in amounts to be determined at trial.

48. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's federally protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## SECOND CAUSE OF ACTION
### Disability Discrimination in Violation of the NYCHRL

49. Plaintiffs hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 48 with the same force as though separately alleged herein.

50. NYCHRL prohibits discrimination against a person because of the actual or perceived disability of a person.

51. Defendant discriminated against Plaintiff by refusing to reinstate Plaintiff's employment based on a perceived disability.

52. Plaintiff is not disabled, and is fully capable of resuming his duties as a bus operator.

53. Defendant, despite copious medical evidence, refuses to reinstate Mr. Thrane.

54. As a direct and proximate consequence of Defendant's disability discrimination, Plaintiffs has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

55. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## THIRD CAUSE OF ACTION
### Age Discrimination in Violation of the NYCHRL

56. Plaintiffs hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 55 with the same force as though separately alleged herein.

57. NYCHRL prohibits discrimination against a person because of their age.

58. Defendant discriminated against Plaintiff by refusing to reinstate Plaintiff's employment based on his age.

59. Plaintiff is fully capable of resuming his duties as a bus operator.

60. Defendant commented on, and improperly relied on Mr. Thrane's age when denying his request to return to work.

61. As a direct and proximate consequence of Defendant's age discrimination, Plaintiffs has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

62. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## FOURTH CAUSE OF ACTION
### Retaliation in Violation of the NYCHRL

63. Plaintiffs hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 62 with the same force as though separately alleged herein.

64. NYCHRL prohibits retaliation by an employer against an employee for raising claims of discrimination.

65. On or about July 24, Plaintiff filed a charge with the EEOC alleging disability and age discrimination.

8

66. In response to Plaintiff's charge, Defendant has made it impossible for Plaintiff to return to work, refusing to abide by the arbitrator's decision and denying Plaintiff the requisite medical examination.

67. Defendant refuses to reinstate Mr. Thrane.

68. As a direct and proximate consequence of Defendant's retaliation, Plaintiffs has suffered, and continues to suffer, substantial economic damages.

69. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## FIFTH CAUSE OF ACTION
### Retaliation in Violation of the ADA

70. Plaintiffs hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 69 with the same force as though separately alleged herein.

71. The ADA prohibits retaliation by an employer against an employee for raising claims of discrimination.

72. On or about July 24, Plaintiff filed a charge with the EEOC alleging disability and age discrimination.

73. In response to Plaintiff's charge, Defendant has made it impossible for Plaintiff to return to work, refusing to abide by the arbitrator's decision and denying Plaintiff the requisite medical examination.

74. Defendant refuses to reinstate Mr. Thrane.

75. As a direct and proximate consequence of Defendant's retaliation, Plaintiffs has suffered, and continues to suffer, substantial economic damages.

76. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## Request for Relief

**WHEREFORE**, Plaintiffs respectfully requests the following relief:

A. for the first claim, actual damages to be determined at trial, but in no event less than $400,000;

B. for the second claim, actual damages to be determined at trial, but in no event less than $400,000;

C. for the third claim, actual damages to be determined at trial, but in no event less than $400,000;

D. for the fourth claim, actual damages to be determined at trial, but in no event less than $400,000;

E. for the fifth claim, actual damages to be determined at trial, but in no event less than $400,000;

F. an award of compensatory and punitive damages;

G. pre-judgment and post-judgment interest;

H. attorneys' fees and costs; and

I. such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 30, 2015

By: _____
Walker G. Harman, Jr. [WH-8044]
Owen H. Laird [OL-6994]
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiff*
1776 Broadway, Suite 2030
New York, NY 10019
(212) 425-2600
wharman@theharmanfirm.com
olaird@theharmanfirm.com