# THE HARMAN FIRM, LLP

Attorneys & Counselors At Law
www.theharmanfirm.com

February 3, 2016

**VIA ECF**

Hon. Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   *Re:*  ***Brian Thrane v. Metropolitan Transit Authority, 15 CV 7418(FB)(LB)***

Dear Judge Block:

  This firm represents Plaintiff Brian Thrane in the above-referenced employment action for age and perceived disability discrimination. We write in response to Defendant's letter dated February 2, 2016, requesting a pre-motion conference concerning Defendant's proposed motion to dismiss the Complaint. For the reasons outlined below, the Court should deny Defendant's request for a pre-motion conference, as Defendant's motion would be largely frivolous and unsupported.

  Defendant's letter erroneously claims that it is too late for Plaintiff to sue the MTA Bus Company. Defendant bases this assertion on Plaintiff's Notice of Right to Sue from the EEOC, dated October 6, 2015. Exhibit A. However, Plaintiff received a second Notice of Right to Sue from the Department of Justice dated November 6, 2015, concerning Plaintiff's claims under the Americans with Disabilities Act. Exhibit B. This Notice of Right to Sue provides Plaintiff with 90 days to commence an action from receipt of the Notice. That 90-day period has not yet elapsed; 90 days from November 6, 2015, is February 4, 2016. Plaintiff served the Complaint on Defendant on January 14, 2016. Exhibit C. Under Fed. R. Civ. P. 15, Plaintiff can amend his Complaint as of right within 21 days of service; 21 days from January 14, 2016 is also February 4, 2016. Accordingly, Plaintiff will amend his Complaint to include MTA Bus Company as a Defendant. Therefore, any contemplated motion to dismiss Plaintiff's ADA claims is not based in fact, would be largely frivolous and unsupported, and would unnecessarily burden the Court and prejudice the Plaintiff.[1]

  With regard to Plaintiff's age discrimination claims under the Age Discrimination in Employment Act ("ADEA"), the Court should likewise reject Defendant's proposed motion. Even assuming, *arguendo*, that MTA Bus Company and the MTA are distinct legal entities for the purposes of this litigation – and we maintain they are not – the Court should toll the 90-day

---

[1] Notably, opposing counsel has never once reached out to this office to discuss any of its allegations and positions. Had opposing counsel chosen to meet and confer, it is likely these issues could have been resolved without Court intervention.

requirement in the EEOC's October 6, 2015 letter.

    MTA Bus Company was in no way prejudiced by the filing and service of the Complaint against the MTA instead of MTA Bus Company, as it is clear MTA Bus had notice of the EEOC charge and the Complaint. Further, Plaintiff's claim of age discrimination would still be adjudicated under the New York City Human Rights Law; dismissing Plaintiff's ADEA would not expedite matters in any way. Finally, given the preference of courts in this circuit for deciding cases on the merits, the Court should not consider Defendant's proposed motion to dismiss on hyper-technical and largely unsupported grounds. *Pahuja v. Am. Univ. of Antigua*, 2012 U.S. Dist. LEXIS 179029, at *21 (S.D.N.Y. Dec. 18, 2012).

    Defendant does not have grounds to seek dismissal of Plaintiff's disability related claims. The Court should not entertain Defendant's potential motion to otherwise dismiss Plaintiff's ADEA claim. Finally, the Plaintiff will be filing his amended pleading later today, which Amended Complaint will include MTA Bus Company as a Defendant in this action.

    Thank you for your time and attention to this matter.

*Walker G. Harman, Jr.*

cc:    Valerie K. Ferrier, Esq. [via ECF]

encl.