2 Broadway, Room D21.72
New York, NY 10004-2207

Darryl C. Irick
President



**Bus Company**

December 16, 2016

Magistrate Judge Lois Bloom
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                Re: Response to Order dated December 9, 2016 (Re: Motions)
                    <u>Brian Thrane v. Metropolitan Transportation Authority, et al</u>.
                    Civil Action No. 15-cv-7418 (FB-LB)

Dear Honorable Bloom:

    I am the attorney recently assigned to appear on behalf of the defendants in the above-referenced matter. In response to your Order of December 9, 2016, my office has determined that the defendants' motion to dismiss was not fully briefed as requested in the June 29, 2016, letter by the defense counsel who was then handling the case.

    The prior handling attorney resigned from MTA Bus Company and left on August 26, 2016. At that time, the Office of the General Counsel had believed the motion had been fully briefed. This conclusion was the result of an apparent misunderstanding. A review of the file reveals that the extent of the submissions regarding the motion are those annexed hereto as **Exhibits A** and **B**. I have reviewed the arguments set forth in these attachments. It is defendants' position that the motion to dismiss can narrow the issues significantly and, in the interest of judicial economy, expedite the conclusion of this matter.

    I note that the briefing schedule that had been proposed in the June 29, 2016, letter by the prior attorney was, as indicated therein, to enable the parties to continue settlement negotiations and resolve this matter without the need for litigation. Discussions regarding settlement have proceeded up to and including this week. However, the parties have been unable to settle the case.

MTA Bus Company is an agency of the Metropolitan Transportation Authority, State of New York

In light of the foregoing, I respectfully propose an amended briefing schedule. I have spoken to plaintiff's counsel, and he takes no position on defendants' application to fully brief the matter. The dates that I propose are:

| | |
|---|---|
| Defendants' Motion | by February 6, 2017 |
| Plaintiff's Opposition | by March 3, 2017 |
| Defendants' Reply | by April 3, 2017 |

Thank you for your consideration of my application.

Respectfully submitted,

Thomas J. Deas (TD 9226)
Deputy General Counsel
MTA Bus Company
(646)252-4359
Fax: (646)252-5839
thomas.deas@nyct.com

cc: Owen Laird, Esq.
The Harman Firm, LLP
1776 Broadway, Suite 2320
New York, NY 10019
(212)425-2600
Fax: (212)202-3926
olaird@theharmonfirm.com

EXHIBIT A

2 Broadway
New York, NY 10004-2207

Darryl C. Irick
President



February 2, 2016

The Honorable Frederic Block, Judge
United State District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Brian Thrane v. Metropolitan Transportation Authority*, 15-cv-7418 (FB)(LB)

Dear Judge Block:

I write as an attorney for the Defendant, Metropolitan Transportation Authority, to request a Rule 12(b)(6) pre-motion conference. Defendant seeks to move to dismiss this employment discrimination case (asserting claims under the Americans with Disabilities Act and the Age Discrimination in Employment Act, among others) because Defendant has never employed Plaintiff. Plaintiff has, in fact, been employed by the Defendant's subsidiary, the MTA Bus Company, a legally separate entity, for the past nine years. *See, e.g., Rozenfeld v. MTA Bus Co.*, 2015 U.S. Dist. LEXIS 31918, *1-2 n.1 (S.D.N.Y. Mar. 16, 2015). And it is now too late for Plaintiff to sue his employer, the MTA Bus Company.

Plaintiff brought a charge at the EEOC against the Metropolitan Transportation Authority, but not against his employer, the MTA Bus Company, on July 27, 2015. **Exhibit A**. Before the EEOC gave the Defendant an opportunity to submit a position statement, Plaintiff requested a right to sue letter. That letter was issued as against the MTA Bus Company on October 6, 2015. **Exhibit B**. Plaintiff had 90 days from that date, or until January 4, 2016, to file suit against the MTA Bus Company. He filed suit, however, against the wrong party, on December 30, 2015. Docket Entry #1.

In short, Plaintiff filed an EEOC charge against the wrong party, was granted a right to sue letter against the proper party, and then filed suit against the wrong party, against which he never received a right to sue letter. At this point, the right to sue letter has expired as against the correct party, his employer, the MTA Bus Company. (Annexed hereto as **Exhibit C** is a screen-shot of MTA Bus Company's internal human resources database demonstrating the Plaintiff works for it, and not the MTA).

It cannot be said that Plaintiff could not have known the identity of his employer for almost the last decade. Nor can it be said that Plaintiff was not properly on notice of the correct party to sue, given that the EEOC issued the right to sue letter as against Plaintiff's actual employer, the MTA Bus Company.

Accordingly, Defendant Metropolitan Transportation Authority proposes to move to dismiss this case.

Thank you for your consideration in this matter.

Sincerely,

*Valerie K. Ferrier*
Valerie K. Ferrier
Executive Agency Counsel
MTA Bus Company
(646) 252-3819

CC: Plaintiff's Counsel
By ECF

EXHIBIT B

# THE HARMAN FIRM, LLP

Attorneys & Counselors At Law
www.theharmanfirm.com

February 3, 2016

**VIA ECF**

Hon. Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    ***Re:***  ***Brian Thrane v. Metropolitan Transit Authority, 15 CV 7418(FB)(LB)***

Dear Judge Block:

  This firm represents Plaintiff Brian Thrane in the above-referenced employment action for age and perceived disability discrimination. We write in response to Defendant's letter dated February 2, 2016, requesting a pre-motion conference concerning Defendant's proposed motion to dismiss the Complaint. For the reasons outlined below, the Court should deny Defendant's request for a pre-motion conference, as Defendant's motion would be largely frivolous and unsupported.

  Defendant's letter erroneously claims that it is too late for Plaintiff to sue the MTA Bus Company. Defendant bases this assertion on Plaintiff's Notice of Right to Sue from the EEOC, dated October 6, 2015. Exhibit A. However, Plaintiff received a second Notice of Right to Sue from the Department of Justice dated November 6, 2015, concerning Plaintiff's claims under the Americans with Disabilities Act. Exhibit B. This Notice of Right to Sue provides Plaintiff with 90 days to commence an action from receipt of the Notice. That 90-day period has not yet elapsed; 90 days from November 6, 2015, is February 4, 2016. Plaintiff served the Complaint on Defendant on January 14, 2016. Exhibit C. Under Fed. R. Civ. P. 15, Plaintiff can amend his Complaint as of right within 21 days of service; 21 days from January 14, 2016 is also February 4, 2016. Accordingly, Plaintiff will amend his Complaint to include MTA Bus Company as a Defendant. Therefore, any contemplated motion to dismiss Plaintiff's ADA claims is not based in fact, would be largely frivolous and unsupported, and would unnecessarily burden the Court and prejudice the Plaintiff.[1]

  With regard to Plaintiff's age discrimination claims under the Age Discrimination in Employment Act ("ADEA"), the Court should likewise reject Defendant's proposed motion. Even assuming, *arguendo*, that MTA Bus Company and the MTA are distinct legal entities for the purposes of this litigation – and we maintain they are not – the Court should toll the 90-day

---

[1] Notably, opposing counsel has never once reached out to this office to discuss any of its allegations and positions. Had opposing counsel chosen to meet and confer, it is likely these issues could have been resolved without Court intervention.

220 Fifth Avenue, Suite 900
New York, New York 10001
T 212 425 2600 F 212 202 3926



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7010 0290 0000 2016 8640

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

November 06, 2015

Mr. Brian Thrane
c/o Owen H. Laird, Esquire
The Harman Firm
1776 Broadway
Suite 2030
New York, NY  10009

Re:  EEOC Charge Against MTA Bus Company
     No. 520201503184

Dear Mr. Thrane:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                    Sincerely,

                                    Vanita Gupta
                                    Principal Deputy Assistant Attorney General
                                    Civil Rights Division

                                 by  *Karen L. Ferguson* (signature)
                                    Karen L. Ferguson
                                    Supervisory Civil Rights Analyst
                                    Employment Litigation Section

cc: New York District Office, EEOC

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## EASTERN District of New York

Index Number: 15CV7418

Date Filed: 1/5/2016

Plaintiff:
**BRIAN THRANE**

vs.

Defendant:
**METROPOLIITAN TRANSPORTATION AUTHORITY**

Received by THE HARMAN FIRM, PC to be served on **METROPOLITAN TRANSPORTATION AUTHORITY, 2 BROADWAY, NEW YORK, New York County, NY 10004.**

I, Brent Richardson, being duly sworn, depose and say that on the **14th day of January, 2016** at **3:10 pm**, I:

served a **CORPORATION** by delivering a true copy of the **SUMMONS and COMPLAINT** with the date and hour of service endorsed thereon by me, to: **ANN CUTHER** as **PARALEGAL**, who verbally declared he/she is duly authorized to accept such service on behalf of **METROPOLITAN TRANSPORTATION AUTHORITY**, at the address of: **2 BROADWAY, NEW YORK, New York County, NY 10004**, and informed said person of the contents therein, in compliance with state statutes. Actual service location: (40.7050,-74.0131) accuracy 3 m.

**Description** of Person Served: Age: 50, Sex: F, Race/Skin Color: White, Height: 5'5", Weight: 140, Hair: Dark Brown, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

State: **NEW YORK**
County: **KINGS**

Subscribed and Sworn to before me on the **2nd** day of **FEBRUARY**, **2016** by the affiant who is personally known to me (or has satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

NOTARY PUBLIC
JEFFREY R HOMAPOUR
NOTARY PUBLIC STATE OF NEW YORK
NASSAU COUNTY
LIC. #02HO6234246
MY COMMISSION EXPIRES 01/18/2016

Brent Richardson
N.Y.C.D.C.A.# 1346943

THE HARMAN FIRM, PC
1776 Broadway, Suite 2030
New York, NY 10019

Our Job Serial Number: BNP-2016000028
Service Fee: _____

© 1992-2013 Database Services, Inc. - Process Server's Toolbox V7.0t

