UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Brian Thrane,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Metropolitan Transportation Authority<br>and MTA Bus Company,<br><br>　　　　　Defendants. | Case No. 15 CV 7418 (FB)(LB) |

# DEFENDANTS' METROPOLITAN TRANSPORTATION AUTHORITY and MTA BUS COMPANY's INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Case Management Order, defendants, Metropolitan Transportation Authority and MTA Bus Company (collectively, "defendants"), through their undersigned counsel, make the following initial disclosures presently known and reasonably available to the defendants and which defendants reasonably believe they may use in support of their claims and defenses. Continuing investigation and discovery may cause defendants to amend these initial disclosures, including by identifying other potential witnesses, documents and by disclosing other pertinent information. Defendants reserve their right to supplement these initial disclosures.

By providing these initial disclosures, defendants do not represent that they are identifying every document, tangible thing or witness possibly relevant to this action. In addition, these disclosures are made without defendants in any way waiving their right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden, confidentiality, or any other appropriate grounds. Furthermore, these disclosures are not an admission by defendants regarding any matter.

Each and every disclosure set forth below is subject to the above qualifications and limitations.

1. <u>**Individuals Likely to Have Discoverable Information**</u>

    The following individuals are likely to have discoverable factual information that defendants may use to support their defenses in the above-referenced lawsuit:

    a. Employee:       Robert Finnegan
       Title:          Senior Director, MTA Bus Company
       Department:     Labor Relations
       Topics for Initial Disclosures: Company policies, rules and procedures, including all aspects of employment including those in connection with plaintiff, labor relations, bus operators, helpers, cleaners, mechanics, alternative job positions, payroll and wages, disability considerations/procedures/policies, safety, reasonable accommodations, union collective bargaining agreements and other agreements with the unions, impasse awards, grievance procedures and policies, arbitration procedures and policies, timekeeping, run time, overtime, seniority, safety-sensitive and non-safety-sensitive positions, arbitration and hearing decisions, Workers Compensation, and injury-on-duty procedures and policies.

2

b. Employee: Raquel Williams, Esq.
   Title: Director, Grievance and Discipline, MTA Bus Company
   Department: Labor Relations
   Topics for Initial Disclosures: Company policies, rules and procedures, including all aspects of employment including those in connection with plaintiff, labor relations, bus operators, helpers, cleaners, mechanics, alternative job positions, payroll and wages, disability considerations/procedures/policies, safety, reasonable accommodations, union collective bargaining agreements and other agreements with the unions, impasse awards, grievance procedures and policies, arbitration procedures and policies, timekeeping, run time, overtime, seniority, safety-sensitive and non-safety-sensitive positions, arbitration and hearing decisions, Workers Compensation, and injury-on-duty procedures and policies.

c. Employee: Suzanne Lim, MD
   Title: Medical Director
   Department: MTA Occupational Health Services
   Topics for Initial Disclosures: Plaintiff's medical records and history, including company medical guidelines and standards, company/medical assessment center (MAC) procedures, company medical policies, public safety provisions, safety-sensitive and non-safety-sensitive positions and medical requirements, commercial driver requirements, public transportation driver requirements.

d. Employee: Nicole Esquenet, MD
   Title: Chief Deputy Medical Director
   Department: MTA Occupational Health Services
   Topics for Initial Disclosures: Plaintiff's medical records and history, including company medical guidelines and standards, company/medical assessment center (MAC) procedures, company medical policies, public safety provisions, safety-sensitive and non-safety-sensitive positions and medical requirements, commercial driver requirements, public transportation driver requirements.

e. Employee: Arthur H. Weiss, MD
   Title: Neurologist
   Department: MTA consulting specialist
   Topics for Initial Disclosures: Neurology; testing and diagnosis of neurological conditions, including cerebral dysfunction, frontal meningioma, transient cerebral ischemia, transient ischemic attacks (TIA); neurological symptoms; treatment of neurological conditions including right leg weakness, dizziness, and decreased foot tapping; public safety considerations for public transportation drivers.

 f. Employee: Brenda Stuart
   Title:   Payroll Manager
   Department: Controller's Office
   Topics for Initial Disclosures: Plaintiff's payroll records, including salary and wages, overtime and other payments and benefits; and time-keeping.

## 2. Description of Documents

The following enumerates documents, data compilations, and other tangible things in the possession, control and custody of defendants that the defendants may use to support their defenses:

a. All records, documents and recordings relevant to Plaintiff's allegations, claims, medical examinations, medical and psychiatric /psychological conditions,[1] prior arbitrations determinations and findings, including:

 (i) Medical records, including hospital records, company Occupational Health Services records, neurological record reviews and examinations.

 (ii) Plaintiff's employment records including attendance, wages, overtime, job descriptions, and time-keeping.

 (iii) Plaintiff's personnel / human resources records.

 (iv) Plaintiff's records in connection to his claims, including disability records, Workers Compensation records, arbitrations records, notes, decisions and determinations.

---

[1] Records for medical, psychiatric/psychological, and other information, inclusive of diagnostic tests and films, are subject to the production by plaintiff's counsel of executed HIPAA-compliant authorizations.

4

3. **Computation of Damages**

   Defendants deny liability for damages and do not seek recovery of damages from the plaintiff in this lawsuit other than the recovery of costs and attorney fees. Defendants would present evidence of its court costs and attorney fees after the claims against them have been denied or dismissed.

4. **Insurance**

   Defendants are self-insured.

s/ Thomas J. Deas
Paige Graves, General Counsel
Thomas J. Deas (TD9226)
MTA Bus Company
2 Broadway, 30th Floor
New York, New York   10004
Telephone: (646)252-4359
Facsimile: (646)252-5839
Email: paige.graves@nyct.com


Walker G. Harman, Jr.
Owen H. Laird
220 Fifth Avenue, Suite 900
New York, New York   10001
Telephone: (212)425-2600
Facsimile: (212)202-3926
Email: wharman@theharmanfirm.com

## CERTIFICATE OF SERVICE

    This is to certify that the foregoing DEFENDANTS' INITIAL DISCLOSURES were electronically filed with the Clerk of the Court using the CM/ECF system that will automatically send email notifications of such filing to the following attorneys of record:

        Walker G. Harman, Jr. (wharman@theharmanfirm.com)
        Owen H. Laird (olaird@theharmanfirm.com)
        The Harman Firm, P.C.
        220 Fifth Avenue, Suite 900
        New York, New York   10001
        Telephone: (212)425-2600
        Facsimile: (212)202-3926
        Email:

This 23rd of December, 2016

                                            s/ Thomas J.Deas
                                            Thomas J. Deas (TD9226)