UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BRIAN THRANE,

               Plaintiffs,                                        **ORDER**
                                                                 **15 CV 7418 (FB)(LB)**

   -against-

METROPOLITAN TRANSPORTATION AUTHORITY,
*and* MTA BUS COMPANY,

               Defendants.
------------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      On January 30, 2017, defense counsel filed a joint-letter requesting that the Court schedule a settlement conference in this employment discrimination action. (ECF No 25.)  In the letter, defendants' counsel made clear that the parties were discussing settlement and that plaintiff had made an initial demand. (Id.)  By Order dated January 31, 2017, the Court granted the parties' request for a settlement conference and scheduled the conference for February 28, 2017 at 3:00 p.m. (See Docket Entry, dated Jan. 31, 2017.)  The Court's Order explicitly directed that "defendants' counsel shall have someone with full settlement authority preferably in court, but if that is not possible, available by telephone throughout the conference." (Id.)

      On February 28, 2017, defendants' counsel appeared in Court for the settlement conference; however, counsel failed to have someone with full settlement authority in court or available by telephone.  By Order dated February 28, 2017, defendants' counsel was directed to show cause why defendants shall not be sanctioned $250 as a result of counsel's failure to bring a principal with settlement authority to the January 31st mediation or to have someone available by phone. (ECF No. 26.)

By letter dated March 3, 2017, General Counsel for defendant MTA Bus Company, Paige Ann Evans, submits that the imposition of sanctions is unwarranted as: (1) counsel did not act in bad faith; (2) counsel had full authority at the mediation; and (3) defendants' settlement offer was reasonable. (ECF No. 27.)  For the following reasons, the Court finds defendants' *post hoc* explanations unavailing and directs defendants to pay $250 to plaintiff's counsel forthwith to compensate them for their time in Court.

First, Ms. Evans asserts that sanctions are inappropriate as defendants' counsel did not act in bad faith. In support of her position, Ms. Evans cites to Hamilton v. United States where the Honorable I. Leo Glasser vacated monetary sanctions imposed on a party due to its failure to produce a principal for a settlement conference.[1] No. 10 CV 3367 (ILG), 2013 WL 5128447 (E.D.N.Y. Sept. 12, 2012).  However, in Hamilton, the Court actually rejected defendants' argument that a finding of bad faith was required to impose sanctions. Id. (quoting United States v. Seltzer, 227 F.3d 36, 42 (2d Cir. 2000) ("The inherent power of the district court also includes the power to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom without a finding of bad faith")).  "In deciding whether a sanction is merited, the Court need not find that a party acted in bad faith. The fact that a pretrial order was violated is sufficient to allow some sanction."[2] Mahoney v. Yamaha Motor Corp. USA, 290 F.R.D. 363, 366 (E.D.N.Y. 2013) (internal quotations

---

[1] The Court, in vacating monetary sanctions, concluded that the principal may have been available by telephone and thus available pursuant to Rule 16(c)(1). Hamilton, 2013 WL 5128447, at *6.  Here, the Court is mindful of the limitations of certain institutional defendants in producing an individual with full settlement authority. Therefore, the Court allows individuals to appear by telephone.  Here, the Court provided counsel approximately one hour to contact someone with the necessary settlement authority. (See Minute Entry, dated Feb. 28, 2017.)  Defendants' counsel was unable to reach anyone at his office, let alone anyone with full settlement authority.

[2] There are several "vehicle[s] by which a court may issue sanctions", including 28 U.S.C. § 1927, and Federal Rules of Civil Procedure 11, 16, and 37. Mahoney, 290 F.R.D. at 367 (explaining that bad faith is a requirement under Rule 11 and 28 U.S.C. § 1927 but not under Rule 16).

omitted); see also Fed. R. Civ. P. 16(f) (authorizing a court to order sanctions if an attorney "fails to obey a scheduling or other pretrial order"). Further, "the imposition of sanctions pursuant to Rule 16 is within the sound discretion of the court."[3] Id. (citing Neufeld v. Neufeld, 172 F.R.D. 115, 118 (S.D.N.Y. 1997)). Here, the Court finds that counsel failed to comply with the Court's scheduling order and that a sanction is warranted. See e.g. Uretsky v. Acme Am. Repairs, No. 07 CV 4688 (SMG), 2011 WL 1131326, at *1 (Mar. 28, 2011) (awarding $10,10,095.89 in attorney's fees and costs for the "failure of one of [defendants'] principles" to appear at a conference "undermining the purpose of the conference and the orderly progress of the case").

Second, Ms. Evans asserts that defendants complied with the Court's Order as defendants' counsel, Thomas Deas, had "full authority to settle the matter." (ECF No. 27, at p. 9). Ms. Evans' statement is disingenuous. As outlined in the Court's February 28, 2017 Order, counsel's failure to bring a principal with settlement authority to the mediation or to have someone available by phone is a clear violation of the Court's January 31st Order. See e.g. Negron v. Woodhull Hosp., 173 F. App'x 77, 79 (2d Cir. 2006) (explaining that a "failure to bring a principal party was a violation of a court order and impaired the usefulness of the mediation"). Although Mr. Deas did have authority to settle the matter, his authority was limited to the $2,000 offer which was made to plaintiff prior to the conference and was rejected.[4] As such, the Court finds that defendants "dispatched a representative [] with illusory authority" as "no matter what facts, evidence, or issues arose during the conference, defendant's representative lacked the authority to change [the]

---

[3] As "sanctions pursuant to Rule 16(f) fall within the scope of pretrial matters, magistrate judges are well within their authority to impose such sanctions." Chen v. Marvel Food Services, LLC, No. 15 CV 6206 (JMA)(AYS), 2016 WL 6872626, at *3 (E.D.N.Y. Nov. 21, 2016).

[4] Ms. Evans, states that "no other offer other than nuisance value could be made on the evidence" and that "[i]f provided the opportunity, Mr. Deas would have articulated why the amount of $2,000.00 was justified". (ECF No. 27, at p. 4.) Although Ms. Evans further states that Mr. Deas would have "considered any reasonable nuisance value counter-offer", id., Mr. Deas "informed the Court that he had no additional authority beyond what had been previously offered to and rejected by plaintiff." (ECF No. 26.)

position". Grenion v. Farmers Ins. Exchange, No. 12 CV 3219 (JS)(GRB), 2014 WL 1284635, at *6-7. Accordingly, defendants' position "rendered the conference superfluous . . . undermined the Court's process, impos[ed] unnecessary costs upon its adversary and wast[ed] the resources of the Court." Id. at *7 (finding that defendant acted in bad faith and awarding sanctions under Rule 16(f)).

Finally, Ms. Evans asserts, through an explanation of the law and the facts, that defendants' $2,000 settlement offer was reasonable. (ECF No. 27, at p. 4-8.) However, the question of whether defendants' offer was reasonable is irrelevant to the Court's decision to impose sanctions. "It is of course, well-established that a district court cannot coerce parties to settle. However, a court may direct a party or a party's attorney to attend a settlement conference." Francis v. Women's Obstetrics & gynecology Group, P.C., 144 F.R.D. 646, 647 (W.D.N.Y. 1992). Where, as here, the conference was requested by defendants' counsel, who had already offered the nominal settlement amount which was rejected by plaintiff prior to the conference, defendants' counsel should have requested that the conference be cancelled. Defense counsel's appearance without a person with settlement authority in violation of the Court's Order was egregiously disrespectful to both plaintiff and the Court. This is especially true in light of the fact that defendants' counsel was aware of plaintiff's demand at the time the settlement conference was initially requested. (ECF No. 25.)

In addition, the Court notes that the $250 sanction is a nominal amount and represents "reasonable expenses incurred [by plaintiff's counsel] because of [defendants'] noncompliance". Mahoney, 290 F.3d at 363; see also Chen, 2016 WL 6872626, at *3 (finding a $1,000 sanction a reasonable reflection of counsel's time spent preparing and attending a settlement conference).

Accordingly, defendants shall pay $250 to plaintiff's counsel by March 17, 2017.[5]

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: March 6, 2017
       Brooklyn, New York

---

[5] Defendants shall also file proof of payment with the Court.