4.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

BRIAN THRANE,

*Plaintiff,*

*v.* **15 CV 7418**

METROPOLITAN TRANSPORTATION AUTHORITY and MTA BUS COMPANY,

*Defendants.*

------------------------------------------------------------------------x

---

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

---

Walker G. Harman, Jr.
Owen H. Laird
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, New York 10001
212.425.2600
wharman@theharmanfirm.com
olaird@theharmanfirm.com

*Attorneys for Plaintiff*

# Table of Contents

PRELIMINARY STATEMENT .......... 1

STATEMENT OF FACTS .......... 2

STANDARD .......... 3

ARGUMENT .......... 4

I. DEFENDANTS' MOTION RELIES ENTIRELY ON DOCUMENTS OUTSIDE OF THE COMPLAINT .......... 4

II. PLAINTIFF HAS ADEQUATELY PLED CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT .......... 6

A. Plaintiff had adequately pled his discrimination claim under the ADA. .......... 6

B. Plaintiff had adequately pled his retaliation claim under the ADA .......... 8

III. STRIKING EMOTIONAL DISTRESS DAMAGES IS COMPLETELY INAPPROPRIATE UNDER RULE 12(b)(6). .......... 9

IV. DEFENDANTS MOVE TO DISMISS A NONEXISTENT HOSTILE WORK ENVIRONMENT CLAIM. .......... 10

V. ALL ASPECTS OF THIS CASE ARE WITHIN THE COURT'S PURVIEW. .......... 10

CONCLUSION .......... 12

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Berdini v. Nova Sec. Grp.*, 2015 U.S. Dist. LEXIS 125287 (E.D.N.Y. Sep. 2, 2015)....................5

*Collins v. N. Y. City Transit Authority*, 305 F.3d 113 (2d Cir. 2002) ..........................................10

*Cortes v. MTA New York City Transit,* 2014 U.S. Dist. LEXIS 190277 (E.D.N.Y. 2014) ..........10

*Davie v. N.Y. City Transit Auth.,* 2003 U.S. Dist. LEXIS 5915 (E.D.N.Y. Apr. 9, 2003) .....10, 11

*Feingold v. New York*, 366 F.3d 138 (2d Cir. 2004) ..........................................................7, 8

*Fink v. City of New York*, 129 F. Supp. 2d 511 (E.D.N.Y. 2001) ................................................9

*France v. Touro Coll.*, 2016 U.S. Dist. LEXIS 20006 (E.D.N.Y. Feb. 16, 2016) ..........................5

*Gregory v. Daly*, 243 F.3d 687 (2d Cir. 2001) ...........................................................................8

*Glob. Network Communs., Inc. v. City of N.Y.*, 458 F.3d 150 (2d Cir. 2006) ................................4

*Harrison v. North Shore Univ. Hosp.*, 2008 U.S. Dist. LEXIS 17330 (E.D.N.Y. 2008) ...............8

*Makinen v. City of N.Y.*, 167 F. Supp. 3d 472 (S.D.N.Y. 2016) ..................................................8

*Pediford-Aziz v. City of N.Y.*, 170 F. Supp. 3d 480 (E.D.N.Y. 2016) ..........................................8

*Perkins v. Bronx Leb. Hosp.*, 2015 U.S. Dist. LEXIS 75851 (S.D.N.Y. June 11, 2015) ...............4

*Powell v. Dep't of Educ.*, 2015 U.S. Dist. LEXIS 133255 (E.D.N.Y. Sep. 30, 2015) ....................6

*Simmons v. N. Y. City Health & Hosp. Corp.*, 2001 U.S. Dist. LEXIS 4640, (E.D.N.Y. Mar. 30, 2001) ..................................................................................................8

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002) ..............................................................3, 6

*Sykes v. James, Chime v Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183 (E.D.N.Y. 2015) ..................4

*Torres v. Faxton St. Luke's Healthcare*, 2017 U.S. Dist. LEXIS 2294 (N.D.N.Y. Jan. 3, 2017)....5

*Wheeler-Whichard v. Doe*. 2010 U.S. Dist. LEXIS 88675 (W.D.N.Y. Aug. 24, 2010) ................4

*Wilson v. Family Dollar Stores*, 2007 U.S. Dist. LEXIS 23083 (E.D.N.Y. Mar. 29, 2007)...........5

**Rules**

Fed. R. Civ. P. 8(a)(2) ....................................................................................................3

Fed. R. Civ. P. 12(b)(6) ...........................................................................................1, 3, 5

Fed. R. Civ. P. 12(d) .........................................................................................................5

Fed. R. Civ. P. 15(a) .........................................................................................................5

Fed. R. Civ. P. 56...............................................................................................................4

**Statutes**

Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*.......................................1

Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*,............................................1

New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*.....................................1

Plaintiff Brian Thrane ("Plaintiff" or "Mr. Thrane") respectfully submits this Memorandum of Law in Opposition to the Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") brought by Defendant Metropolitan Transportation Authority ("MTA") and Defendant MTA Bus Company ("MTA Bus") (collectively, "Defendants").

## PRELIMINARY STATEMENT

Plaintiff alleges claims of discrimination on the basis of perceived disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, and discrimination on the basis of age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the NYCHRL.

Defendants move to dismiss the First Amended Complaint ("FAC") in its entirety for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6) ("Rule 12(b)(6)"). The Court should deny Defendants' Motion in its entirety. First, virtually every single one of Defendants' arguments is based on impermissible evidence—evidence primarily exchanged for settlement purposes—that lies outside the four corners of the complaint and that was not referenced or incorporated into the complaint. The Court cannot consider such evidence on a motion to dismiss.[1] Second, Defendants attempt to support their Rule 12(b)(6) Motion by relying on standards used in assessing motions for summary judgment filed under FED. R. CIV. P. 56. Finally, Plaintiff has, in fact, pled allegations that adequately state his claims; Defendants' arguments that do not rely on impermissible evidence or inapplicable law have no basis in fact.

---

[1] Even if the Court were to consider Defendants' impermissible evidence, Defendants' motion would still fail.

## STATEMENT OF FACTS

Plaintiff directs the Court to the FAC (Docket No. 9) (Defs.' Ex. A) for an account of relevant facts that transpired prior to the filing of the FAC. A summary of the relevant facts is below.

In and around 2007, Defendants hired Mr. Thrane as a bus operator. FAC ¶ 11. Mr. Thrane had worked as a bus operator for over a decade prior to his hire by Defendants. FAC ¶ 12.

On April 16, 2015, Mr. Thrane started feeling ill while at work and requested to end his shift. FAC ¶¶ 14–15. Mr. Thrane, still feeling ill, voluntarily checked himself into the hospital. FAC ¶ 16. Mr. Thrane stayed in the hospital overnight and was released the next day after undergoing a battery of tests. FAC ¶ 16. After his hospitalization, Mr. Thrane learned that he needed medical approval to return to work. FAC ¶ 20. Between May 8, 2015, and May 19, 2015, Mr. Thrane received clearance to return to work from Dr. Anita Gill, Dr. Norman Pflaster, Dr. Jacob K. Matthew, and Dr. Arthur H. Weiss; these doctors conveyed their findings to Defendants. FAC ¶¶ 21, 23, 25, 26. Dr. Weiss is employed by Defendants, for whom he evaluates employees' fitness to work. FAC ¶ 26.

MTA disregarded these four doctors' findings and continued to refuse to allow Mr. Thrane to return to work in any capacity. FAC ¶ 28. Dr. Weiss, without conducting any further examination of Mr. Thrane, issued another letter declaring him unfit to work. FAC ¶¶ 29–30. On or about June 9, 2015, Defendants offered to allow Mr. Thrane to return to work as a cleaner, rather than a bus operator. FAC ¶ 31–33. Mr. Thrane had no choice but to accept Defendants' offer, as he was not earning a salary while Defendants held him out of work. FAC ¶ 32. This

new, reduced position resulted in Mr. Thrane earning less per week, as he was no longer entitled to the supplemental pay that bus operators receive. FAC ¶ 33.

Mr. Thrane filed a charge of discrimination with the EEOC on or about July 24, 2015, and also filed a grievance through his union. FAC ¶¶ 37-38. Mr. Thrane commenced the instant action on December 30, 2015 (*see* Docket No. 1), and filed the FAC on February 3, 2016 (*see* Docket No. 9).

Subsequent to the filing of the FAC, and after nearly a year of Defendants drawing out the grievance and arbitration procedure (FAC ¶¶ 39–42), the arbitrator ruled in Mr. Thrane's favor. Mr. Thrane returned to work as a bus operator, and received 75% of his back pay for the period he worked as a cleaner. Defs.' Exs. C-E.

This case is over a year old. The parties have exchanged initial disclosures, conducted limited discovery, and appeared for a settlement conference before the Magistrate Judge. Plaintiff executed HIPAA authorizations allowing Defendants access to his medical records. It is extraordinarily inappropriate for Defendants to only now move to dismiss the case, and, moreover, to do so relying entirely on impermissible evidence and information produced over the previous year of litigation. This completely subverts both the purpose of Rule 12(b)(6) and the purpose of Court-sponsored alternative dispute resolution.

## STANDARD

A complaint is sufficient and should not be dismissed if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P 8(a)(2). A complaint satisfies the requirements of Rule 8(a) if it gives respondent "fair notice of the basis for petitioner's claims." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). When deciding a motion to dismiss, "[t]he court must . . . accept the

complaint's allegations as true, and draw all reasonable inferences in the plaintiff's favor." *Sykes v. James*, *Chime v Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 190 (E.D.N.Y. 2015). The Court may only dismiss the Complaint where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). "The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits." *Glob. Network Communs., Inc. v. City of N.Y.*, 458 F.3d 150, 155 (2d Cir. 2006).

## ARGUMENT

Defendants do not provide any grounds on which to dismiss Plaintiff's claims; therefore, the Court should deny their Motion.

### I. DEFENDANTS' MOTION RELIES ENTIRELY ON DOCUMENTS OUTSIDE OF THE COMPLAINT

In support of their motion to dismiss the FAC, Defendants do not only rely on their Memorandum of Law ("Defs.' Mem. Law") and the pleadings; they introduce numerous other documents, including Plaintiff's hospital records, portions of Plaintiff's pay records, decisions by the arbitrator of Plaintiff's grievance, Defendants' initial disclosures, portions of Plaintiff's medical records,[2] portions of Defendants' personnel policies, and portions of some of the doctors' notes submitted to Defendants ("Defs.' Ex. A–H"). None of these documents—with the exception of the FAC—are appropriate for consideration when weighing a motion to dismiss.

[2] Defendants' decision to include Plaintiff's medical records in a publicly filed document is extremely inappropriate. District courts in this circuit "routinely file medical records under seal." *Wheeler-Whichard v. Doe*, 2010 U.S. Dist. LEXIS 88675, at *22 (W.D.N.Y. Aug. 24, 2010). Defendants made Plaintiff's medical records public without informing Plaintiff that they intended to do so, and well before the stage in the litigation where Plaintiff could reasonably expect them to do so and request a protective order or sealing order.

In determining the adequacy of a claim under Rule 12(b)(6), the Court may consider: "(1) facts alleged in the complaint and documents attached to it or incorporated by reference; (2) documents integral to the complaint and relied upon in it, even if not attached or incorporated by reference; (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint; (4) [...] facts of which judicial notice may properly be taken [...].'" *France v. Touro Coll.*, 2016 U.S. Dist. LEXIS 20006, at *19–20 (E.D.N.Y. Feb. 16, 2016) (*citing Viscecchia v. Alrose Allegria LLC*, 117 F. Supp. 3d 243 (E.D.N.Y. July 30, 2015)). Plaintiff did not rely on these documents when drafting the FAC, as they were either not in his possession or did not exist at the time of the filing of the FAC.

Courts in this circuit routinely decline to consider medical records at the motion to dismiss stage. *Torres v. Faxton St. Luke's Healthcare*, 2017 U.S. Dist. LEXIS 2294, at *16 (N.D.N.Y. January 3, 2017) (refusing to consider medical records where plaintiff challenges their completeness). Plaintiff certainly challenges the completeness of Defendants' submitted medical records, as they represent a small fraction of the medical records at issue and do not include, at minimum, the doctors' notes provided in support of Plaintiff.[3] Similarly, courts also decline to review payroll records on a motion to dismiss. *See Perkins v. Bronx Leb. Hosp.*, 2015 U.S. Dist. LEXIS 75851, at *4 (S.D.N.Y. June 11, 2015) (declining to review payroll records on motion to dismiss FLSA claim). As such, the Court should disregard any extraneous documents submitted by Defendants in support of their Motion.[4]

[3] Further illustrating the incompleteness of Defendants' medical records, Defendants' Exhibit F includes only one page of Dr. Weiss's two-page May 18, 2015 letter; the excised page includes Dr. Weiss's analysis of why Mr. Thrane was fit to return to work.

[4] If the Court does not disregard this evidence, it must convert Defendants' Motion to a motion under FED. R. CIV. P 56. FED. R. CIV. P. 12(d). Doing so would be inappropriate, given the incompleteness of the record.

## II. PLAINTIFF HAS ADEQUATELY PLED CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT

Plaintiff alleges that Defendants violated the ADA and NYCHRL by failing to reinstate a qualified individual because of a perceived disability and retaliating against him for filing a grievance and Charge of Discrimination related thereto. Plaintiff also brings an age discrimination claim against Defendants under the NYCHRL for failing to reinstate him because of his age. As shown below, Plaintiff has adequately pled his claims.

### A. Plaintiff had adequately pled his discrimination claim under the ADA.

Defendants argue that Plaintiff's claim of disability discrimination under the ADA must be dismissed because he was not qualified to perform his job and he did not suffer an adverse employment action, two elements of a *prima facie* claim of discrimination under the ADA. In doing so, Defendants ignore settled case law as well as a ruling from the U.S. Supreme Court: "an employment discrimination plaintiff need not plead a prima facie case of discrimination" to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). This is still the applicable standard: "A complaint alleging discrimination claims […] 'need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss[.]'" *Powell v. Dep't of Educ.*, 2015 U.S. Dist. LEXIS 133255, at *13 (E.D.N.Y. Sep. 30, 2015). "[T]he complaint need only provide a short and plain statement of the claims and grounds on which they rest." *Wilson v. Family Dollar Stores*, 2007 U.S. Dist. LEXIS 23083, at *34 (E.D.N.Y. Mar. 29, 2007).

Plaintiff's pleadings meet this standard. Plaintiff has pled that, after feeling unwell at work, he took himself to the hospital, where he underwent tests and was released the next day. He then received multiple medical clearances to return to work as a bus operator, including clearance from a neurologist and from Defendants' own doctor. FAC ¶¶ 21–26. Despite this,

Defendants held Plaintiff out of work entirely for nearly two months, then allowed him to return as a "cleaner," a position that involves sweeping Defendants' vehicles and property.[5] Plaintiff's pleadings make clear that the cleaner position paid less well than the bus operator position; Defendants confirm this. FAC ¶ 33; Defs.' Mem. Law pp. 3–4; Defs.' Exs. A, B. Thus, Plaintiff has adequately pled facts supporting his claim of discrimination under the ADA.

Defendants' arguments to the contrary fail not only because they rely on an improper standard and inadmissible evidence, but because they are unsupported by fact. Defendants argue that Plaintiff was unfit for duty because he suffered a transient ischemic attack ("TIA"). This argument goes well beyond the scope of a motion to dismiss and requires an assessment of the facts and merits of the case, and the record is not clear. For example, in a letter not included in the record by Defendants, Plaintiff's neurologist states that it is impossible to conclusively diagnose a TIA.[6]

Defendants' argument that Plaintiff did not suffer an adverse action likewise fails. Defendants concede that Plaintiff was out of work entirely for nearly two months, including a period of nearly a month after receiving documentation clearing him to return to work. Defs.' Mem. Law pp. 3–4; Defs.' Exs. A, B. Defendants also concede that the cleaner position paid less than the bus operator position, and that Mr. Thrane did, in fact suffer a monetary loss. *Id.* Defendants arguement that (i) being held out of work with no pay and (ii) being demoted to a position of lesser responsibility and lesser pay are not adverse actions strains credulity and does not accurately reflect the law. "Examples of materially adverse employment actions include 'termination of employment, a demotion evidenced by a decrease in wage or salary, a less

[5] Defendants provide no explanation as to why they waited two months to place Plaintiff in a light-duty cleaner position, a position with no "public safety" concerns whatsoever.

[6] Plaintiff does not submit this document for the same reasons that he argues Defendants' documents to be inappropriate: discovery is not complete, the record is incomplete, and such documents cannot be considered at this stage.

distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation.'" *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004). Plaintiff's demotion to a janitorial position resulted in reduced pay; this is an adverse employment action. To the extent that Defendants argue that Plaintiff was subsequently made whole for any economic loss, Plaintiff denies it; this is a question of fact not appropriate for a motion under Rule 12(b)(6).

**B. Plaintiff had adequately pled his retaliation claim under the ADA.**

Again, Defendants' reliance on a summary judgment standard in their motion to dismiss is inappropriate; *Harrison v. North Shore Univ. Hosp.* is totally off-point in the context of Defendants' Motion under 12(b)(6). 2008 U.S. Dist. LEXIS 17330 at *29 (E.D.N.Y. 2008).

Defendants assert that Plaintiff does not allege any protected activity, but cannot deny that Plaintiff filed a Charge of Discrimination with the EEOC. Filing a Charge with the EEOC is *clearly* protected activity under the ADA, most defendants will concede that point. *Simmons v. N. Y. City Health & Hosp. Corp.*, 2001 U.S. Dist. LEXIS 4640, at *26 (E.D.N.Y. Mar. 30, 2001).

Here, Defendants do cite to a case related to a motion to dismiss, *Gregory v. Daly*, 243 F.3d 687, (2d Cir. 2001), for the proposition that events occurring before the protected activity—which, again, Defendants deny exists—cannot be viewed as retaliatory. In the instant case, Plaintiff pleads that he filed an EEOC charge in July 2015 and that Defendants continued to improperly drag out the arbitration process. In fact, that process went on for nearly another year, until Plaintiff's reinstatement on or about May 24, 2016. Courts in this district have held that such intentional delay of reinstatement can be a form of retaliation. *Pediford-Aziz v. City of N.Y.*, 170 F. Supp. 3d 480, 486 (E.D.N.Y. 2016) (holding that extending an employee's suspension for four months constituted an adverse employment action). Thus, Defendants' ongoing refusal to

reinstate Plaintiff subsequent to his filing of an EEOC charge adequately pleads a claim of retaliation.

## III. STRIKING EMOTIONAL DISTRESS DAMAGES IS COMPLETELY INAPPROPRIATE UNDER RULE 12(b)(6).

Plaintiff asserts claims for emotional distress damages as part of his claims of disability and age discrimination. The ADA and NYCHRL both permit a plaintiff to recover emotional distress damages. *See Fink v. City of New York*, 129 F. Supp. 2d 511, 514, 538 (E.D.N.Y. 2001) (awarding emotional distress damages under the ADA); *Makinen v. City of N.Y.*, 167 F. Supp. 3d 472, 489 (S.D.N.Y. 2016) (describing recovery for emotional distress damages under Title VII, state law, and NYCHRL). Defendants cannot dispute that these statutes provide for such damages. Instead, they argue that Plaintiff is not entitled to emotional distress damages.

In the relevant section of Defendants' memorandum of law, they *exclusively* cite to decisions ruling on motions for summary judgment to argue that Plaintiff's medical records do not support an award of emotional distress damages. Once again, Defendants rely on impermissible evidence to mount an argument using the wrong standard. First, emotional distress damages can be awarded even where the "'evidence of mental suffering is generally limited to the testimony of the plaintiff' and 'typically lack extraordinary circumstances' that are not supported by any medical corroboration." *Berdini v. Nova Sec. Grp.*, 2015 U.S. Dist. LEXIS 125287, at *27 (E.D.N.Y. Sep. 2, 2015) (citations omitted). Next, Defendants admit that Plaintiff's hospital records note that he was anxious and upset, yet also argue that this evidence would not support a claim of emotional distress. Defs.' Ex. B. Defendants are wrong. This is exactly the type of evidence—medical testimony and evidence—that would support emotional distress damages. *Id.* Moreover, Defendants' arguments are entirely inappropriate for the motion to dismiss stage, as the parties have not yet collected the entire medical record, taken

depositions, or collected witness statements. In short, the Court must reject Defendants' arguments concerning Plaintiff's emotional distress.

## IV. DEFENDANTS MOVE TO DISMISS A NONEXISTENT HOSTILE WORK ENVIRONMENT CLAIM.

Defendants move to dismiss claims that Plaintiff did not even bring, including a hostile work environment claim under the ADA. Perhaps this is meant as an analogue to Defendants' misplaced argument that Plaintiff did not suffer an adverse employment action, but, as shown above, his suspension and demotion clearly amount to adverse employment action. Therefore, any discussion of hostile work environment, absent a claim of such brought by Plaintiff, is unnecessary.

## V. ALL ASPECTS OF THIS CASE ARE WITHIN THE COURT'S PURVIEW.

Defendants argue that this Court should not "set aside" the arbitrator's decision and cite to *Cortes v. MTA New York City Transit*, 2014 U.S. Dist. LEXIS 190277 (E.D.N.Y. 2014), and *Collins v. N. Y. City Transit Authority*, 305 F.3d 113 (2d Cir. 2002), two cases against these very Defendants, in support of that proposition. However, those cases are inapposite, as they address cases where plaintiffs sought to appeal *adverse* findings and overturn decisions finding no discrimination. Here, Plaintiff prevailed at arbitration and seeks, among other things, damages outside the scope of the arbitration, such as emotional distress damages and punitive damages.

The case on point is *Davie v. N.Y. City Transit Auth.*, another case brought against these Defendants and that was decided by this Court. No. 02 CR 4231 (FB) (LB), 2003 U.S. Dist. LEXIS 5915, at *9 (E.D.N.Y. Apr. 9, 2003). In *Davie*, this Court held that where a claim sought damages not at issue in previous grievance or Article 78 proceedings, that claim was not precluded or subject to *res judicata*. *Davie*, 2003 U.S. Dist. LEXIS 5915, at *9. Plaintiff seeks

damages, including, but not limited to, emotional distress damages and punitive damages, that would not have been considered in a union grievance procedure for reinstatement. Here, as in *Davie*, the Court should allow Plaintiff's case to continue.

Defendants' attempts to portray the instant case as "gamesmanship," "forum shopping," and a threat to the entire collective bargaining process are wildly overblown. Plaintiff commenced this action after the arbitration process had been stalled for months, and where, as in the instant litigation, Defendants had ignored orders by the referee. FAC ¶¶ 38–41. Plaintiff is entitled to pursue his claims to the fullest extent of the law. From the moment he left the hospital, Mr. Thrane sought to return to work as a bus operator. He saw several doctors and jumped through every hoop Defendants asked him to, yet they still refused to reinstate him. Pursuant to the terms of his collective bargaining agreement, he sought reinstatement through the grievance procedure. The arbitrator ultimately found Plaintiff to be in the right[7] and awarded him what was available in that venue, including reinstatement.

Likewise, Plaintiff commenced this action not seeking reinstatement, but rather the damages to which he is entitled under the ADA, ADEA, and NYCHRL. The Court here should eventually rule in Plaintiff's favor, as the arbitrator did, and award him his requested relief. The Court should not punish Plaintiff for asserting his rights in both the legal and grievance processes. Indeed, public policy consideration weigh in favor of vindicating Plaintiff: if Defendants are allowed to prevent drivers who check themselves into the hospital out of an abundance of caution, and who receive no definitive diagnosis of a specific medical condition, from returning to their jobs for over a year, the result will be drivers who conceal medical

[7] As this case proceeds, Defendants will need to overcome their own arguments concerning the difficulty of overturning an arbitrator's finding of fact; here, the arbitrator ruled in favor of Plaintiff and awarded him not only reinstatement, but some pay for his missed time, suggesting that Defendants' actions were inappropriate.

conditions and forego treatment out of fear of losing their jobs, putting themselves and the public at risk.

## CONCLUSION

Defendants' Motion relies almost entirely on inappropriate, impermissible evidence and relies on summary judgment standards and case law and cannot be sustained. Accordingly, this Court should deny Defendants' Motion. If the Court will grant Defendants' motion, then it should allow Plaintiff to file a Second Amended Complaint.[8]

Dated: New York, New York
March 31, 2017

Respectfully submitted,

Walker G. Harman, Jr. [WH-8044]
Owen H. Laird [OL-6994]
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, New York, 10001
T: 212.425.2600
wharman@theharmanfirm.com
olaird@theharmanfirm.com

*Attorneys for Plaintiff*

[8] Motions to amend under Rule 15(a) are to be freely granted and often are when relevant new information comes to light. *Tho Dinh Tran v Dinh Truong Tran*, 1998 U.S. Dist. LEXIS 414, at *7, *10 (S.D.N.Y. Jan. 20, 1998). If necessary, Plaintiff's Second Amended Complaint would include information concerning the events that have transpired since the filing of the FAC, as well as a formal claim under the ADEA, which, as Defendants note, was not included in the causes of action of the FAC.

**After printing this label**:

1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.