**5.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BRIAN THRANE,

                Plaintiff,        15-CV-7418 (FB)(LB)

  -against-

METROPOLITAN TRANSPORTATION
AUTHORITY and MTA BUS COMPANY,

                Defendants.

---

## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Paige Ann Evans
General Counsel
MTA Bus Company
2 Broadway, 30th Floor
New York, New York   10004
(646)252-3745

By: Thomas J. Deas
    Deputy General Counsel
    MTA Bus Company
    (646)252-4359

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

PRELIMINARY STATEMENT ............................................................. 1

STANDARDS OF REVIEW ................................................................. 2

    A. Documentation that is Within
       The Scope of Review on a Motion to Dismiss ............................................. 2

    B. The Court Has Broad Discretion to Convert the
       Motion to Dismiss into a Motion for Summary Judgment ............................ 4

    C. This Court Has the Discretion to Determine
       On a Motion to Dismiss If Plaintiff's Claims
       are Barred by Res Judicata ............................................................. 5

ARGUMENT ........................................................................................ 6

CONCLUSION ................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Abrahams v. MTA Long Island Bus*, 2010 LEXIS 51582 (E.D.N.Y. 2010)
 aff'd 644 F.3d 110 2d Cir. 2011).................................................................. 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................ 3

*Bebry v. ALJAC LLC, et al.*, 2013 954 F.Supp.2d 173 (E.D.N.Y. 2013) ....................... 4

*Blue Tree Hotels Inv. (Can.), Ltd. v. Starwooed Hotels & Resorts Worldwide, Inc.*,
 369 F.3d 212 (2d Cir., 2004) .................................................................. 5

*Caple v. Parman Mortg. Assocs. L.P.*, 2012 LEXIS 189913 (E.D.N.Y. 2012) ................... 4

*Carione v. United States*, 368 F.Supp.2d 186 (E.D.N.Y. 2005) ................................... 5

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)............................... 3

*Collins v. N.Y. City Transit Authority*, 305 F.3d 113, 119 (2d Cir. 2002) ....................... 8

*Cruz v. City of New York*, 2015 LEXIS 13423 (S.D.N.Y. 2015) .................................. 4

*Embro v. Marsico*, 2014 U.S. Dist. LEXIS 139399 (S.D.N.Y. 2014) ............................ 4

*Fowlkes v. Rodriguez*, 584 F.Supp.2d 561 (E.D.N.Y. 2008) ...................................... 3

*Friedl v. City of New York*, 210 F.3d 79 (2d Cir. 2000) ............................................ 4

*Giraldo v. Kessler*, 694 F.3d 161 (2d Cir. 2012) .................................................... 4

*Golf v. New York City Dep't of Fin.*, 2014 U.S. Dist. LEXIS 57416 (S.D.N.Y. 2014).............. 2

*Groden v. Random House*, 61 F.3d 1045 (2d Cir. 1995) ......................................... 5

*In re Bausch & Lomb, Inc., Secs. Litig.* 592 F.Supp.2d 323 (W.D.N.Y. 2008) ................... 3

*In re Bristol-Myers Squibb Sec. Litig.*, 312 F.Supp.2d 549 (S.D.N.Y. 2004) .................... 3

*In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985) ..................................... 5

*In re Hamilton*, 2014 LEXIS 185279 at *14-5 (S.D.N.Y. 2014)................................... 5

*Jordan v. Forfeiture Support Assocs.*, 928 F.Supp.2d 588 (E.D.N.Y. 2013) ...............................3

*Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010)................................ 3

*Kiryas Joel Alliance v. Village of Kiryas Joel*, 495 F.App'x 183 (2d Cir. 2012) ...........................5

*Lakonia Management Ltd. v. Meriwether*, 106 F.Supp.2d 540 (S.D.N.Y. 2000)....................... 2

### Statutes

Americans with Disabilities Act 42 U.S.C. 12112-12117.......................................... *passim*

Age Discrimination in Employment Act 29 U.S.C §§ 621-634.......................................1

New York City Human Rights Law/N.Y.C. Admin. Code §§8-101 *et seq.* ........................1

New York State Vehicle and Traffic Law, Title V, Article 19-A...............................................4

### Other Authorities

Fed. R. Civ. P. Rule 12(b)(6)...............................................................................1

15 NYCRR 6.10(b)(6)..........................................................................................4

### Treatise

5C Charles A. Wright & Arthur R. Miller,
  *Federal Practice and Procedure* § 1366 (3d ed. 2004) ................................................. 5

## **PRELIMINARY STATEMENT**

The Defendants, METROPOLITAN TRANSPORTATION AUTHORITY and MTA BUS COMPANY submit this memorandum of law in support of their motion to dismiss the First Amended Complaint pursuant to the Fed.R.Civ.P. 12(b)(6) for failure to state a cognizable disability discrimination claim against the Defendants under the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), and New York City Human Rights Law/N.Y.C. Admin. Code §§8-101 *et seq.*, (NYCHRL) because: 1) the pleadings are insufficient to state a cause of action for disability or age discrimination; 2) the facts and law of which the Court may take judicial notice establish that plaintiff's allegations are meritless; 3) the plaintiff is collaterally estopped from alleging economic damages; and 4) the plaintiff suffered no damages, economic or non-economic.

Plaintiff has submitted his memorandum of law in opposition to defendants' motion, taking the kitchen-sink approach, arguing that: (a) it is impermissible for the Court to consider the documents submitted by defendants because such evidence is not weighed when evaluating a motion to dismiss; (b) plaintiff has adequately pled his ADA discrimination claim because there is no need for him to plead a *prima facie* case and his allegations alone that he was paid "less well" than other bus operators and not reinstated soon enough is sufficient; (c) plaintiff has adequately pled an ADA retaliation claim because the standard used on a motion for summary judgment is not applicable here and his allegation alone is enough, including that he filed an EEOC charge and was retaliated against for that; (d) it would be inappropriate to strike plaintiff's emotional distress claim because the standard used on a motion for summary judgment is not applicable here and plaintiff's initial pre-claim hospital record is sufficient to

1

establish emotional distress; and that (e) the arbitrations which plaintiff raised his claims for economic damages and reinstatement do not collaterally estop him from raising his claim for emotional distress now.

As will be discussed, plaintiff's arguments are strained in the face of documentation that is integral to the complaint and which are within the purview of this Honorable Court. Plaintiff's First Amended Complaint must be dismissed.

## STANDARDS OF REVIEW

### A. Documentation that is Within The Scope of Review on a Motion to Dismiss

"On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may take judicial notice of (1) documents that plaintiff attached to the pleadings; (2) documents to which plaintiff referred in the complaint; (3) matters of which judicial notice may be taken; (4) documents in plaintiff's possession; and (5) documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action; *Golf v. New York City Dep't of Fin.*, 2014 U.S. Dist. LEXIS 57416 at *4 (S.D.N.Y. 2014) (citing *Lakonia Management Ltd. v. Meriwether*, 106 F.Supp.2d 540, 543 (S.D.N.Y. 2000)("court may also properly consider any document attached to the complaint as an exhibit or incorporated in it by reference, as well as matters of public record[1] of which it can take judicial notice)." *Id.* "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Id.*

---

[1] Defendants are New York State public benefit corporations whose records are subject to federal and state Freedom of Information Laws.

"Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). *See also Abrahams v. MTA Long Island Bus*, 2010 LEXIS 51582 at *12 (E.D.N.Y. 2010) *aff'd* 644 F.3d 110 2d Cir. 2011).

"Although the court must assume the truth of 'all well-pleaded, nonconclusory factual allegations in the complaint' when considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010)(citing [*Ashcroft v.* ] *Iqbal*, 556 U.S. [662] at 678 [(2009)]) the court need not do so in the face of contrary documentation representing plaintiff's own claims, signed and dated by plaintiff (citing *Fowlkes v. Rodriguez*, 584 F.Supp.2d 561, 574 (E.D.N.Y. 2008)('Although the court typically accepts plaintiff's allegations as true for purposes of a motion to dismiss, the court is permitted to consider and take judicial notice of certain documents, such as matters of public record, and reject the truthfulness of those allegations that are contradicted by the documents.'); *In re Bausch & Lomb, Inc., Secs. Litig.* 592 F.Supp.2d 323, 350 n. 30 (W.D.N.Y. 2008) ('It is well established that a Court need not accept as true any allegations that are contradicted by documents deemed to be part of the complaint, or materials amenable to judicial notice' (internal quotation marks omitted)); *In re Bristol-Myers Squibb Sec. Litig.*, 312 F.Supp.2d 549, 555 (S.D.N.Y. 2004) ('The court need not accept as true an allegation that is contradicted by documents on which the complaint relies')." *Jordan v. Forfeiture Support*

3

*Assocs.*, 928 F.Supp. 2d 588, 604 (E.D.N.Y. 2013). A court may take judicial notice of state agency records. *Bebry v. ALJAC LLC, et al.*, 2013 954 F.Supp.2d 173 (E.D.N.Y. 2013).[2]

It is not necessary for a Court to convert a Defendant's motion to a motion for summary judgment, where "the Court is able to resolve the matter based only on facts alleged in the amended complaint, materials incorporated by reference therein, and matters of public record of which the Court appropriately takes judicial notice" *Embro v. Marsico*, 2014 U.S. Dist. LEXIS 139399 (S.D.N.Y. 2014) (citing *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (court may take judicial notice of relevant matters of public record). A court may take judicial notice of a formal grievance process. *Cruz v. City of New York*, 2015 LEXIS 13423 at * 16 (S.D.N.Y. 2015).

### B. The Court Has Broad Discretion to Convert the Motion to Dismiss into a Motion for Summary Judgment

"When matters outside the pleadings are presented in connection with a motion to dismiss for failure to state a claim, 'a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.' *Caple v. Parman Mortg. Assocs. L.P.*, 2012 U.S. Dist. LEXIS 189913 at *11-13 (E.D.N.Y. 2012)(citing *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000). "The District Court has broad discretion to determine whether to convert a motion to dismiss into one

---

[2] A tragic school bus and train accident near Congers, NY on March 24, 1972, was the impetus for legislation passed in 1974. This legislation amended the New York State Vehicle and Traffic Law by creating Article 19-A (19-A), Special Requirements for Bus Drivers. This is the very same examination that MTA Bus Company bus operators are required to undergo routinely.

4

for summary judgment. *Id.* (citing *Carione v. United States*, 368 F.Supp.2d 186, 191 (E.D.N.Y. 2005). "Because a summary judgment motion can result in a binding determination on the merits, the non-movant must be given notice and an opportunity to respond before the court converts a motion to dismiss." *Id.* (citing *Groden v. Random House*, 61 F.3d 1045, 1052 (2d Cir. 1995). "However, formal notice is unnecessary when 'the parties were . . . apprised of the likelihood of conversion by less formal or direct means and, in fact, had a sufficient opportunity to present the materials relevant to a summary judgment motion.'" *Id.* (citing 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (3d ed. 2004). "The essential inquiry is whether the [nonmovant] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." *Id.* (citing *In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985).

### C. This Court Has the Discretion to Determine On a Motion to Dismiss If Plaintiff's Claims are Barred by Res Judicata

"In determining whether plaintiffs' claims [are] barred by res judicata, the district court [may] properly consider] documents expressly referenced in the amended complaint and materials in the public record that are subject to judicial notice." *Kiryas Joel Alliance v. Village of Kiryas Joel*, 495 F.App'x 183, 187 n.2 (2d Cir. 2012)(citing *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwooed Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir., 2004) (noting that courts "may also look to public records including complaints filed in state court, in deciding a motion to dismiss")). *In re Hamilton*, 2014 LEXIS 185279 at *14-5 (S.D.N.Y. 2014).

5

## ARGUMENT

This Court need not impose the restrictions upon itself that plaintiff states are necessary when a court reviews a motion to dismiss. In the face of contrary documentation that is integral to the complaint—in fact, where the documentation, as here, mirrors the events alleged in the complaint—the Court may consider that documentation either on a motion to dismiss or, in its broad discretion, by converting the motion to one for summary judgment.

The records that plaintiff's attorneys seek to dissuade this Court from considering are:

- The **hospital report** documenting plaintiff's hospital admission in April 17, 2015, (Exhibit B, Deas Declaration);

- The **Arbitration Decision** of March 8, 2016, permitting plaintiff to return to work after defendants obtain additional information (Exhibit C, Deas Declaration);

- The **Arbitration Decision** of May 11, 2016, requiring plaintiff to obtain proof that he does not have Lyme Disease before returning to work as a bus operator (Exhibit D, Deas Declaration);

- The Defendants' First Supplemental Initial Disclosures, which contain: **a)** the **Arbitration Decision** dated July 6, 2016, awarding plaintiff pay for incremental bus operator rate of pay increases that bus operators received during the period that plaintiff worked as a Cleaner (at his bus operator rate of pay effective when he left that job); **with** the rate of pay calculations showing the amount he was due; **b)** his **payroll summary** for the 12 months he worked as a bus operator before being placed in a Cleaner position; **c)** his **payroll summary** for the 12 months he worked as a bus operator before after placed in a Cleaner position; **d)** the **Arbitration Award check** in the amount of $10,100.00 paid to plaintiff to resolve his back pay grievance; **e)** the **plaintiff's unconditional endorsement** on the back of the Arbitration Award check (Exhibit E, Deas Declaration);

- The **medical findings**[3] of the independent physician (Dr. Arthur Weiss) who examined the plaintiff (Exhibit F, Deas Declaration) and who, upon a review of the

---

[3] The document consists of three (3) pages. Plaintiff claims that one was "excised." In fact, all three pages were included in the printed copy of the motion papers that was served by Priority mail on plaintiff on March 17, 2017, pursuant to this Court's Individual Motion Practice Rules. An additional

6

MTA medical standards for passenger bus operators found plaintiff unfit to work as a bus operator;

- The plaintiff's **Health History**—*signed and certified as true by the plaintiff*—on a federally mandated certification (Form MCSA-5875) required by the U.S. Department of Transportation, Federal Motor Carrier Safety Administration, for commercial drivers, dated May 13, 2016 (when plaintiff transitioned back to the bus operator position) stating he never had anxiety, depression, nervousness, or any other mental health or physical problems (Exhibit G, Deas Declaration); and

- Copies of the heightened **legal and medical standards** that defendants are required to follow when evaluating passenger bus operators for their fitness for duty and which specifically set forth conditions which call for disqualification and which plaintiff suffered.

Plaintiff's argument that this evidence should not be considered by this Court is no different than an argument to ignore facts that flatly contradict his allegations and demands for lost pay and emotional distress damages.

Plaintiff's demand for lost pay is nothing more than a demand for more money than he got at his arbitration (approximately $10,000.00 for incremental bus operator rate-of-pay increases, as the arbitration decision and supporting documentation show (Arbitration Decision, dated July 6, 2016, annexed as Exhibit E to Deas Declaration). What could be more

---

copy of the motion papers had been scanned and emailed to plaintiff's counsel prior to the hard copy being sent by regular mail that same day. It is apparent that one page misfed on the scanner, a distinction that does not make a difference, as the printed copy served on plaintiff's counsel contained all three pages. It must be also noted that service electronically is insufficient pursuant Fed. R. Civ. P. 5(b)(2)(E), unless written consent to such service is obtained, which it has not been. Thus, service by regular mail is required. In fact, plaintiff served his opposition to this motion electronically by email on March 31, 2017, which would have been timely but for the fact plaintiff did not have the written consent of the defendants to do so. Plaintiff, thereafter, on April 3, 2017, late-served defendants by Federal Express 2-day service with the printed copy on April 3, 2017, which was in the manner set forth by Rule 5, but nonetheless untimely. If this Court is to follow the strict letter of Rule 5, plaintiff's opposition papers should not be considered, as he has defaulted.

7

disturbing than ignoring that plaintiff has already proceeded to arbitration on this very same demand, fully represented by his union[4] and union counsel, argued for the lost pay, and received an award check, which he endorsed without reservation (Endorsed Arbitration Award Check, dated August 17, 2016, annexed as Exhibit E to Deas Declaration). Plaintiff knows full well, as his payroll summaries establish, that he received the same bus operator rate of pay during his time as a Cleaner that he had earned the year before as a bus operator (Payroll Summaries, for the relevant before-and-after periods, annexed as Exhibit E to Deas Declaration). This is documentation that the arbitrator would have been presented by plaintiff's union counsel. Most importantly, plaintiff's counsel has not offered an argument to show that the arbitration award should be set aside—that the determination by the arbitrator was wrong as a matter of fact or that the proceeding was compromised in some way. *See Collins v. N.Y. City Transit Authority*, 305 F.3d 113, 119 (2d Cir. 2002).

As for his demand for emotional distress damages, what could be more alarming than plaintiff's sworn statement, under threat of federal civil and criminal prosecution and penalties, that he has never suffered from any anxiety, depression, nervousness, mental health problem, sleep disorders, nerve problems, dizziness—in fact, that he has never suffered any mental or physical problem—a statement he signed on May 13, 2016, immediately after leaving his position as a Cleaner. *See* Plaintiff's Executed Health History, annexed as Exhibit G to Deas

---

[4] Plaintiff's counsel drift into tangential arguments, asserting in their opposition papers that defendants delayed plaintiff's arbitrations and that defendants have not explained why two months of time passed before plaintiff was offered and took the Cleaner position. Plaintiff's counsel should simply have asked their client for the answers to these questions. They would have learned that plaintiff took sick days off during that two-month period (following his admission to the hospital for his TIA), and that the union, who filed the grievance on his behalf, controls what cases it places on the hearing and arbitration calendars.

8

Declaration. It is no wonder that plaintiff's attorneys overlooked this exhibit[5]—plaintiff himself has self-certified that he did not suffer emotional distress. Either plaintiff committed perjury in certifying himself as never having any mental health issue or he permitted this lawsuit for emotional damages to go forward when he knew it lacked merit.

## CONCLUSION

Based on the foregoing, the Court should strike the amended allegations in the First Amended Complaint, and dismiss the First Amended Complaint in its entirety and with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(6), on the grounds that it fails to state a claim under the Americans with Disabilities Act.

Dated: April 7, 2017

Respectfully submitted,

Paige Ann Evans
General Counsel
MTA Bus Company

By: Thomas J. Deas
Deputy General Counsel
Attorney for the Defendants
2 Broadway, 30th Floor
New York, New York   10004
(646)252-4359

---

[5] Plaintiff's counsel instead focuses on plaintiff's hospital report (which is redacted of PPI), which documents a possible Transient Ischemic Attack and pre-dates any of the violations alleged in the Complaint. Not only that, the Psychological status reported does not rise to the level plaintiff's would like it to, a point already covered in defendants' initial memorandum of law. Further, contrary to his allegation in his EEOC Charge that he took himself to a local hospital in April 2015 where they "ran a battery of tests and ultimately cleared me for work," the hospital report reflects that he was discharged with the instruction not to return to work until medically cleared to do so. *See* hospital report, Exhibit B, page 5 of 7, Deas Declaration.