UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
BRIAN THRANE,

               Plaintiff,

  -against-                     **MEMORANDUM AND ORDER**
                                 15-cv-07418(FB)(LB)
METROPOLITAN TRANSPORTATION
AUTHORITY and MTA BUS
COMPANY,

               Defendants.
---------------------------------------------------x

*Appearances:*
| For the Plaintiff | For the Defendants |
|---|---|
| WALKER G. HARMAN, JR. | PAIGE ANN EVANS |
| OWEN HUNTTING LAIRD | VALERIE K FERRIER |
| 220 Fifth Avenue | THOMAS JOHN DEAS |
| Suite 900 | 130 Livingston Street |
| New York, NY 10001 | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

      On March 17, 2017, defendants Metropolitan Transportation Authority ("MTA") and MTA Bus Company filed a motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff Brian Thrane's First Amended Complaint ("FAC") alleging disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"),[1] and discrimination and retaliation under New York City Human Rights

---

[1] While plaintiff neglected to formally enumerate a claim for the ADEA violation, he frequently alleges it throughout the rest of the FAC. Therefore, the

Law ("NYCHRL").

Defendants separately filed objections pursuant to Federal Rule of Civil Procedure 72(a) to an award of sanctions imposed by Magistrate Judge Bloom based on defendants' failure to participate at an agreed-upon settlement conference in good faith. Both motions are denied. The sanction is increased to $1000.

The alleged facts are as follows: Plaintiff worked for defendants as a bus driver until he suffered a medical incident on April 16, 2016, feeling dizziness and numbness in his right leg. He was eventually cleared by doctors to return to work; however, defendants, citing his injury, refused to allow him to resume his duties, instead offering him a janitorial position with less responsibility and fewer opportunities for supplemental pay. Defendants also pressured their internal doctor, Dr. Weiss, to reverse an initial diagnosis allowing plaintiff to return to work.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and sought arbitration through his union's grievance procedure. The arbitrator ordered defendants to give plaintiff a more thorough medical examination

---

Court deems the FAC amended to include this claim. *See Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 109 (2d Cir. 2014) ("Federal Rules provide that courts 'should freely give leave [to amend] when justice so requires.'") (quoting Fed. R. Civ. P. 15(a)(2)); *Kenny v. Nasssau Univ. Med. Ctr.*, 2016 WL 1056999, at *3 (E.D.N.Y. 2016) (district court, *sua sponte*, deemed complaint amended to include new allegations); *Yick Man Mui v. United States*, 2011 WL 2650673, at *2 (E.D.N.Y. 2011) (district court deemed petition amended to include new claim).

within 30 days; defendants refused, allegedly in retaliation for the EEOC claim. After his EEOC complaint and arbitration failed to resolve the matter, plaintiff brought the present lawsuit on December 30, 2015; the arbitration and this lawsuit appear to be proceeding simultaneously.[2]

## I. Plaintiff Has Adequately Stated His Claims.

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[W]hile a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, it must at a minimum assert nonconclusory factual matter sufficient to nudge[] [its] claims . . . across the line from conceivable to plausible to proceed." *E.E.O.C. v. Port Auth.*, 768 F.3d 247, 254 (2d Cir.

---

[2] Plaintiff timely brought the EEOC action, and the EEOC issued a Right-to-Sue letter dated October 6, 2015. The Department of Justice also issued a Right-to-Sue letter on November 6, 2015.This action was properly brought within ninety days of these letters.

2014) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002); *Iqbal*, 556 U.S. at 680) (citation omitted).

Plaintiff has met this low bar. He has alleged that defendants refused to let him return to work, despite receiving medical clearance, and did so based on his medical condition and age. He alleges that defendants' doctor told him "that she could do whatever she wanted with his file because he was 'getting up there' in age," FAC ¶19; that a different doctor of defendants eventually cleared him to return to work, FAC ¶21; but defendants still refused to let him work, FAC ¶26; that defendants pressured the new doctor to change his diagnosis, FAC ¶29; that defendants treat other employees over the age of fifty in the same manner, FAC ¶35; and that defendants refused to schedule a medical examination ordered by an arbitrator as part of a concerted effort to prevent him from returning to his position as bus driver based on his disability and age, FAC ¶¶39-42. These allegations are sufficient to "nudge" his discrimination claims from conceivable to plausible.

Plaintiff also effectively alleged a retaliation claim. He alleged that, after he brought his EEOC claim, defendants refused to reinstate him despite a clean bill of health in retaliation for bringing the claim, keeping him stuck in the janitorial position, and that defendants' refusal to follow the arbitrator's decision was motivated by a desire to punish him for filing his EEOC claim. FAC ¶¶67-68; 73-75.

Defendants provide medical and pay records to counter plaintiff's allegations. This factual dispute is premature at the motion to dismiss stage. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (holding "a district court errs when it 'consider[s] affidavits and exhibits submitted by' defendants, or relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss.") (quoting *Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir. 1991)).[3]

At any rate, plaintiff disputes that these documents comprise the entire medical record, as well as their relevance and meaning. Therefore, even if the Court were to consider them, the new documents only raise a dispute of fact.[4] *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) ("If . . . there is a dispute as to the relevance, authenticity, or accuracy of the documents relied upon [by the defendant in a motion to dismiss], the district court may not dismiss the complaint with those materials in mind.").

---

[3] In their reply, defendants belatedly sought to convert the motion to dismiss into one for summary judgment. "The law in this Circuit is clear that arguments raised for the first time in reply briefs need not be considered." *Mayer v. Neurological Surgery, P.C.*, 2016 WL 347329, at *4 (E.D.N.Y. Jan. 28, 2016) (citing *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 625 n.1 (2d Cir. 2007)). Regardless, the Court sees no purpose in converting the motion, especially since doing so requires the Court to "afford all parties the opportunity to present supporting material." *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000). This opportunity was precluded by defendants' failure to raise the issue until their reply.

[4] The same holds for defendants' factual attack on plaintiff's alleged emotional distress damages.

Defendants also dispute that plaintiff's change in job title constituted an adverse action. However, this demotion to a position with lesser responsibility, lower pay, and fewer benefits (such as availability for overtime pay) is such an action. *See Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004) ("Examples of materially adverse employment actions include '. . . a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished responsibilities, or other indices . . . unique to a particular situation.'").

Therefore, plaintiff has met his Rule 8(a)(2) pleading burden.

## II. The Arbitration Award Does Not Preclude Plaintiff's Claims.

According to defendants' briefing, since the lawsuit commenced, plaintiff won his union arbitration proceeding and was reinstated with back pay. Though defendants' argument is presented as a somewhat abstract "public policy" argument, the gist appears to be that the back pay award precludes this lawsuit. This argument fails.

Discrimination claims are substantively distinct from the type of contract dispute claims typically resolved by collective bargaining arbitration. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 59-60 (1974) (holding "the federal policy favoring arbitration of labor disputes and the federal policy against discriminatory employment practices can best be accommodated by permitting an employee to pursue fully both his remedy under the grievance-arbitration clause of a collective-bargaining agreement and

his cause of action under Title VII."[5]); *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 79 (1998) (holding agreement to arbitrate did not waive federal claim under the ADA because "[t]he cause of action [plaintiff] asserts arises not out of contract, but out of the ADA, and is distinct from any right conferred by the collective-bargaining agreement."). Indeed, the primary Second Circuit case cited by defendants, *Collins v. New York City Transit Auth.*, 305 F.3d 113 (2d Cir. 2002), follows the *Gardner-Denver* reasoning. 305 F.3d at 119 ("In sum, a negative arbitration decision rendered under a CBA does not preclude a [discrimination] action by a discharged employee.").

The arbitration proceeding addressed plaintiff's rights under the collective bargaining agreement but did not address his allegations of discrimination or retaliation under federal law. This distinction between contractual and statutory rights is precisely the distinction elucidated by the Supreme Court in *Gardner-Denver* and *Wright*. Nor have defendants alleged that plaintiff has clearly and unmistakably agreed to arbitrate discrimination claims. *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009) (holding "collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law."). Therefore, the arbitration proceeding does not preclude plaintiff's claims.

### III. Magistrate Judge Bloom Did Not Err in Imposing Sanctions On Defendants.

---

[5] While *Gardner-Denver* was a Title VII case, the Supreme Court has "followed the holding in *Gardner-Denver* in deciding the effect of CBA arbitration upon employees claims under other statutes" including the ADA and ADEA. *Wright*, 525 U.S. at 75-76.

7

On February 28, 2017, the parties appeared in court for an agreed-upon settlement conference. Magistrate Judge Lois Bloom had ordered both parties to send someone with full settlement authority. Defendants instead sent Deputy General Counsel Thomas J. Deas with strict instructions from General Counsel Paige Ann Evans not to budge from the initial offer. The magistrate judge gave defendants' counsel one hour to contact someone with the necessary settlement authority. No one was available. As a result, the settlement conference was fruitless.

A court may impose sanctions under Federal Rule of Civil Procedure 16(f)(1) if a party or attorney either "(B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." Magistrate Judge Bloom issued an Order to Show Cause why defendants should not be sanctioned for their failure to participate in the settlement conference in good faith.[6] Defendants offered no valid excuse and were sanctioned on March 6, 2017 for the amount of $250.[7]

---

[6] Several courts, including ones in the Second Circuit, have held that failure to send a representative with proper settlement authority can constitute a lack of good faith. *See Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596-97 (8th Cir. 2011); *In re A. T. Reynolds & Sons, Inc.*, 452 B.R. 374, 384 (S.D.N.Y. 2011).

[7] While the magistrate judge sanctioned defendants for failure to participate in good faith under Rule 16(f)(1)(B), the sanctions were also justified under Rule 16(f)(1)(C) because defendants violated the magistrate judge's order. *See, e.g.*, *Negron v. Woodhull Hosp.*, 173 F. App'x 77, 79 (2d Cir. 2006) (holding failure to send a person with settlement authority to mediation was sanctionable because it violated the court's order to do so).

Defendants now further waste the time and resources of the Court and the plaintiff on a baseless objection to this decision. Defendants inexplicably argue that it was plaintiff who refused to negotiate in good faith because, in their view, plaintiff did not have sufficient evidence supporting his claims. This is beside the point. Plaintiff appeared at the conference with the requested settlement authority. Defendants did not. Perhaps plaintiff would have been coaxed from his position during the course of good faith settlement discussions; he was denied that opportunity by their gamesmanship.

Defendants' motion for reconsideration admits as much. The motion, written by Deas, asserts, "I was . . . <u>directed [by Evans] not to pay anything</u> more than what was offered." Def.'s Mot. for Reconsideration at 3. That Evans "directed" Deas limiting what he could offer in settlement contradicts his claim that he had full authority to settle. In fact, he did not have <u>any</u> such authority, beyond defendants' pre-conference offer.[8]

## IV. The Magistrate Judge's Imposed Sanction Was Insufficient.

Plaintiff's counsel, in his letter brief opposing defendants' motion for reconsideration, argues that the sanctions should be higher because the attorney's fees for the failed conference exceeded $250, and he spent additional time and money responding to the frivolous motion for reconsideration.

The Court agrees. The sanction is increased to $1000, payable to plaintiff's

---

[8] At oral argument, Deas was given an additional opportunity to explain his actions. He chose instead to complain again that plaintiff's counsel failed to prove his case during a pre-conference phone call. This did nothing to explain the defendants failure to participate in the conference in good faith.

9

counsel. *See, e.g.*, *Negron v. Woodhull Hosp.*, 173 F. App'x 77, 79 (2d Cir. 2006) (holding district court "properly required the [sanctioned party] pay the expenses incurred in preparing for the mediation" because of sanctioned party's failure to bring a principal party with settlement authority).

## V. Conclusion

Defendants' motions are denied. Defendants are instructed to pay $1000 to plaintiff's counsel within 30 days of this order.

**SO ORDERED**

/S/ Frederic Block\
FREDERIC BLOCK\
Senior United States District Judge

Brooklyn, New York\
February 12, 2018